Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3569 | **DATE** | 5/19/2000 |
| **CASE TITLE** | Williams vs. Gilmore | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 12/8/00 at 10:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting petitioner's motion to hold in abeyance petition for writ of habeas corpus. The schedule set for filing the petition for writ of habeas corpus and the ruling set for 6/30/00 are vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 22 2000 | |
| | Notified counsel by telephone. | | date docketed | 22 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 5/19/2000 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES ex rel. FRANK )
WILLIAMS, )
        Petitioner, )
)
v. ) No. 99 C 3569
)
JERRY GILMORE, WARDEN, PONTIAC )
CORRECTIONAL CENTER, )
        Respondent. )
)

DOCKETED
MAY 2 2 2000

## MEMORANDUM OPINION AND ORDER

Mr. Frank Williams was convicted of capital murder and sentenced to death. He filed a state petition for post-conviction relief pro se in 1995, and then an amended petition with appointed counsel in 1996, but his counsel failed to attach any affidavits or other evidence. The Illinois Supreme Court denied his petition in February 1999, and denied rehearing on March 29, 1999. In March, 2000, Mr. Williams filed a second state petition raising the old claims and some new ones, including *Brady* violations and what he describes as a claim of actual innocence on the basis of newly discovered evidence. The government contends that Mr. Williams only claims that he was innocent of capital murder, not of the underlying killing.

On March 27, 2000, Mr. Williams filed a petition for federal habeas relief under 28 U.S.C. § 2254 that contained both the exhausted and the unexhausted state claims now pending before the Illinois circuit court. I entered an order on March 8, 2000, setting a schedule for the filing of the petition and responsive pleadings, with a ruling date set for June 30, 2000. Mr. Williams now moves that I vacate that order and hold in abeyance his federal habeas petition until his state petition for post-conviction relief is resolved.

A federal habeas petition "can, in the discretion of the district judge, be stayed pending the state . . . court's decision on the prisoner's application." *Trinker v. Harris*, 172 F.3d 990, 991 (7th Cir. 1999). This seems appropriate in a death case, especially one that poses unusual circumstances, such as a claim of actual innocence, or at any rate innocence of a capital offense based on newly discovered evidence. *See Post v. Gilmore*, 111 F.3d 556 (7th Cir. 1997) ("When unusual circumstances make it imprudent to address the § 2254 petition immediately, [it] should be stayed rather than dismissed.").

The government objects that allowing this sort delay holds up the quick disposition of federal habeas claims intended by Congress

in the Antiterrorism and Effective Death Penalty Act of 1996, and applicable here, but I think the state should be allowed to examine Mr. Williams' claims before I take them up. The case on which the government principally relies, *Neal v. Gramley*, 99 F.3d. 841 (7th Cir. 1996), is distinguishable. Here, the state courts have not found procedural default; there they had, *id.* at 843, and the defendant's counsel in *Neal* conceded that he was attempting to get around the limitations on successive petitions. *Id.* at 846. Mr. Williams' counsel make no such concession.

It matters that a man's life is at stake. Death cases especially demand "respect for the basic ingredient of due process, namely, an opportunity to be allowed to substantiate a claim before it is rejected." *Ford v. Wainwright*, 477 U.S. 399, 414 (1986). In Illinois, where more condemned men have been exonerated of capital crimes than have been executed for them in the last two decades, there is no need to rush to close off avenues of review for a process that an Illinois Supreme Court Justice has characterized as flawed, *see People v. Bull*, 705 N.E.2d 824, 847 (Ill. 1998) (Harrison, J., concurring in part and dissenting in part) ("[T]he system is not working. Innocent people are being sentenced to death.") (giving examples), and which the Governor has put into

moratorium pending reform because of the unacceptable risk of executing the innocent.

I therefore GRANT the motion to hold Mr. Williams' habeas petition in abeyance until the final resolution of his state petitions for post-conviction relief, and accordingly, VACATE my order of March 8, 2000.

                                ENTER ORDER:

                                **Elaine E. Bucklo**
                                United States District Judge

Dated:    May __, 2000

Copies are being mailed to:

Gary Ravitz
Ravitz & Palles, P.C.
203 N. LaSalle Street, #2100
Chicago, IL 60601

Attorney for Petitioner

Janet Powers Doyle
Assistant State's Attorney
309 Richard J. Daley Center
Chicago, IL 60602

Renee Goldfarb, Supervisor
Criminal Appeals Division
Office of the State's Attorney
309 Richard J. Daley Center
Chicago, IL 60602

Attorneys for Defendant