Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3569 | **DATE** | 10/26/2004 |
| **CASE TITLE** | Williams vs. McAdory | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying the petitioner's petition for a writ of habeas corpus. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | 3 number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 27 2004 date docketed | |
| | Notified counsel by telephone. | | 42 |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 10/26/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.
FRANK WILLIAMS,

        Petitioner

v.

EUGENE McADORY, WARDEN, MENARD
CORRECTIONAL CENTER,

        Respondent.

No. 99 C 3569

DOCKETED
OCT 27 2004

## MEMORANDUM OPINION AND ORDER

Following a 1993 jury trial in the Circuit Court of Cook County, Illinois, petitioner Frank Williams was convicted of first degree murder, attempted murder, and aggravated battery with a firearm. Mr. Williams was sentenced to death for the first degree murder and to concurrent 30-year terms of imprisonment for the attempted murder and aggravated battery.[1] Mr. Williams appealed to the Illinois Supreme Court, which affirmed his conviction and sentence on May 31, 1996. The Illinois Supreme Court denied Mr. William's petition for rehearing, and on March 17, 1997, the Supreme Court of the United States denied his petition for certiorari. Mr. William's first petition for post-conviction relief was dismissed by the Circuit Court of Cook County in 1996, and that dismissal was affirmed by the Illinois Supreme Court in

---

[1] On January 11, 2003, Mr. William's death sentence was commuted to a sentence of natural life imprisonment by then-governor George Ryan.

1999. Mr. Williams filed a second petition for post-conviction relief with the Circuit Court of Cook County on March 27, 2000. That petition was also dismissed, and the dismissal was affirmed by the Illinois Appellate Court on September 29, 2003. Mr. Williams then filed this petition in federal court under 28 U.S.C. § 2254 for a writ of habeas corpus. I deny the petition.

Mr. Williams asserts three grounds in support of his petition. First, he raises a *Batson* challenge to the state's exclusion of an African-American juror at trial. Second, he claims that the trial judge's questions to Mr. Williams while he was on the stand interfered with his Sixth Amendment right to a trial by an impartial jury. Third, Mr. Williams argues that his statement revealing the location of the gun admitted into evidence at trial, as well as the gun itself, should have been suppressed as it was not preceded by an advisement of Mr. Williams' *Miranda* rights.

Habeas relief may only be granted if the adjudication of the claim by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Anderson v. Cowan*, 227 F.3d 893, 896 (7th Cir. 2000); 28 U.S.C. § 2254(d)(1). With respect to Mr. Williams' *Batson* claim, the "clearly established Federal law, as determined by the Supreme Court" relevant is obviously *Batson v. Kentucky*, 476 U.S. 79 (1986). In *Batson*, the Supreme Court set out a three-part inquiry

to be used in determining whether a prosecutor engaged in purposeful racial discrimination in exercising peremptory challenges during jury selection. First, the defendant must make a *prima facie* showing of purposeful discrimination in jury selection. Next, the burden shifts to the prosecution to present a neutral explanation for challenging minority jurors. After a *prima facie* case is made and a neutral explanation presented, the trial court then determines whether defendant has established purposeful discrimination. *Id.* at 96-98.

Here, the Illinois Supreme Court affirmed the trial court's finding that Mr. Williams had failed to establish even a *prima facie* case of a *Batson* violation. *People v. Williams ("Williams I")*, 670 N.E.2d 638, 651-52 (Ill. 1996). In determining whether a *prima facie* case has been established, the court should consider "all relevant circumstances," including whether a pattern of impermissible strikes can be said to exist. *Batson*, 476 U.S. at 96. Mr. Williams argued to the state courts that the excused juror was African-American, as is Mr. Williams, and that the prosecution did not excuse a Caucasian juror who was allegedly similarly situated. *Williams I*, 670 N.E.2d at 649. The court found no pattern of dismissing African-Americans, as the prosecution only used two of its peremptory strikes, one for the challenged African-American juror and one for a Caucasian juror. *Id.* at 650. The final jury included one African-American, and the court was unable

to determine if that representation was disproportionate to the original venire, as the record did not contain those statistics. *Id.* at 651. The trial judge conducted the entire *voir dire*, so questions by the prosecution were not a factor, nor were the characteristics of the excluded African-American jurors, as only one was excluded. *Id.* As the court found that Mr. Williams had failed to establish a *prima facie* case, it affirmed the trial court's refusal to conduct a *Batson* hearing. The decision of the Illinois Supreme Court was neither contrary to nor an unreasonable application of *Batson*. Consequently, I may not grant habeas relief based on Mr. Williams' claim of a *Batson* violation. *See Anderson*, 227 F.3d at 901-02.

Mr. Williams next argues that the trial judge's questions to Mr. Williams while he was on the stand interfered with his Sixth Amendment right to a trial by an impartial jury. After Mr. Williams testified about two separate altercations with victim Anthony Cole, the trial judge engaged in the following exchange with Mr. Williams and his counsel.

> "Court: For my own clarification, Mr. Williams, did you have the gun in your pocket or in your hand when he swung at you with the knife?
>
> Counsel: Objection, Your Honor. There is no testimony about him having a knife when he had the gun.
>
> Court: I'm talking about Cole with the knife.
>
> Counsel: That was the day before. That was a different incident.

Court: That's what I'm talking about. I just want to know.

Counsel: I object to the Court asking any questions that's confusing to me.
Court: Sir, you stated that you had a gun in your pocket?

Williams: Yes, sir.

Court: You also stated that Anthony Cole had a knife in his hand?

Williams: That wasn't on the same day, sir.

Court: You didn't have the gun in your pocket on that date?

Williams: No, sir."

Mr. Williams argues that the exchange, which occurred in the presence of the jury, prejudiced him in two ways. First, he argues that the trial judge's questioning suggested that the judge did not believe Mr. Williams' testimony was credible. Second, Mr. Williams argues that the questioning suggested that Mr. Williams habitually carried a firearm.

The Illinois Supreme Court considered and rejected these arguments. *Williams I*, 670 N.E.2d at 654. "The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." *Marshall v. Jerrico*, 446 U.S. 238, 242 (1980). However, the trial judge has the duty of assuring the proper conduct of trial and determining questions of law. *Quercia v. United States*, 289 U.S. 466, 469 (1933). So long as impartiality is maintained, the trial judge may, in his discretion, question any witness. Fed. R. Evid. 614(a); *see also United States v. Alfaro*, 336 F.3d 876, 883 (9th Cir. 2003). After examination of

5

the trial record, the Illinois Supreme Court determined that the trial judge questioned Mr. Williams in an attempt to clarify what he apparently considered confusing testimony. *Williams I*, 670 N.E.2d at 654. This is not an unreasonable application of the established law in *Marshall* and *Quercia*. *Anderson*, 227 F.3d at 896; 28 U.S.C. § 2254(d)(1).

Finally, Mr. Williams argues that his statement to police and the gun located as a result of that statement should have been suppressed, as the statement was obtained in violation of his *Miranda* rights. An individual in police custody must be advised of his rights before any interrogation. *Miranda v. Arizona*, 384 U.S. 436 (1966). The Supreme Court has carved out a narrow exception to this rule, allowing police officers to make limited inquiries related to safety issues before advising an individual of his *Miranda* rights. *New York v. Quarles*, 467 U.S. 649 (1984).

Early in the morning after the shootings, Mr. Williams was found hiding in his sister's attic. The police arrested him, taking him out of the attic and down to the backyard where he was patted down and handcuffed. Once in the yard, Mr. Williams was asked by the arresting officer if he had any weapons, knives, or needles on him. *Williams I*, 670 N.E.2d at 930. The officer did not first advise Mr. Williams of his *Miranda* rights. Mr. Williams replied that he had no weapons on his person, but that he had left a gun in the attic where the police originally found him. A gun,

later admitted into evidence as the gun used in the shootings, was found in the attic. The officer asked no further questions before advising Mr. Williams of his *Miranda* rights. Mr. Williams moved to suppress both the gun and his statement, because he had not been advised of his *Miranda* rights when he made the statement and the gun was found as a result of that statement. The trial court held that the officer's question fell into the *Quarles* exception to *Miranda*, and refused to suppress either the statement or the gun. The Illinois Supreme Court affirmed the trial court's decision. *Williams I*, 670 N.E.2d at 651-52.

Mr. Williams argues that his situation should not be controlled by *Quarles*, but rather by *Orozco v. Texas*, 394 U.S. 324 (1969). In *Orozco*, the police located a suspect in a murder that had occurred the night before. *Id.* On locating him, the police asked him a number of questions: his name, whether he had been at the location of the murder the night before, whether he owned a pistol, and finally, where that pistol was located. *Id.* at 325. The Court held that these questions were of an investigatory nature, not designed to further safety concerns of the officers. *Id.*; see also *Quarles*, 467 U.S. at 659 fn.8. In contrast, Mr. Williams was asked only one question and that question was directly related to the safety of the officers, the people living in the building where Mr. Williams was found, and the general public. The Illinois Supreme Court's decision was neither contrary to nor an

unreasonable application of existing Federal law. *Anderson*, 227 F.3d at 901-02.

As none of Mr. William's claims meet the narrow standard for habeas relief, his petition is DENIED.

ENTER ORDER:

*Elaine E. Bucklo* (signature)

**Elaine E. Bucklo**
United States District Judge

Dated: October 26, 2004

```
     |   | DOCKET   | TERMINATION |          |DIVERSITY| R |        | JUDGE/  |
DIST |OFF|YR NUMBER | Mo Day Yr | J | N/S | O | PLT|DFT | 23 |DEMAND| MAG NO  | COUNTY

                                                                     5260
0752 | 1 |99 | 3569 | 10/26/04 | 3 | 535 | 1 |        | n |         | 17105
```

Williams            -VS- Gilmore

I PROCEDURAL PROGRESS                                    Judgment On:

Before Issue Joined       *  II DISPOSITION              04___Default

01___No Court Action      *  00___Transfer to Other District   05___Consent

02___Order Entered        *  10___MDL Transfer           06_✓_Motion Before Trial

11___Hearing Held         *  01___Remanded to State Court   15___Award of Arbitrator

12___Motion Decided       *  11___Remanded to U.S. Agency   16___Case Stayed Pending Bkruptcy

                          *  Dismissed                   07___Jury Verdict

After Issue Joined        *  02___Want of Prosecution    08___Directed Verdict

03___No Court Action      *  03___Lack of Jurisdiction   09___Court Trial

04_✓_Judgment on Motion   *  12___Voluntarily            17___Other

05___Pretrial Conference  *  13___Settled                18___Statistical Closing

06___During Court Trial   *  14___Other

07___During Jury Trial    ********III NATURE OF JUDGMENT ****************************

08___After Court Trial    *  0_✓_No Monetary Award    3___Injunction

09___After Jury Trial     *  1___$_____Only          4___Forfeiture, Foreclosure, Etc.

10___Other                *  2___$_____And Other    5___Costs Only  6___Costs & Attorney Fees

                                                         ** IV JUDGMENT FOR:****
SHOW DATES|   DATE      |   DATE        |   DATE     |   DATE
          | ISSUE JOINED| PRETRIAL CONF | TRIAL BEGAN| TRIAL ENDED   * 1___Plaintiff
   IF     |             |               |            |
APPLICABLE| 2/19/04     |               |            |               * 2_✓_Defendant

                                                                     * 3___Both